IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:08-CV-121-WKW |
| ) | |
| BEST BUY CO., INC. and ) | |
| HSBC BANK, NEVADA, N.A., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, defendants Best Buy Co., Inc. ("Best Buy") and HSBC Bank, Nevada, N.A. ("HSBC"), the only two defendants in this action, file this Notice of Removal of the above-styled action to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, the defendants state as follows:

1. This is a complaint alleging violation of the Fair Credit Billing Act ("FCBA") along with certain Alabama common law torts in connection with charges allegedly posted to plaintiff's Best Buy credit card, issued through HSBC. The complaint is pending in the Circuit Court of Montgomery County, Alabama, as civil action no. 2008-900060. Best Buy was served January 22, 2008, and HSBC was served January 28, 2008. A complete copy of the state court file is attached hereto as Exhibit "A."

2. This action is removable pursuant to 28 U.S.C. §1441(a). This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332 because there is complete

diversity of citizenship as between plaintiff and defendants, and the amount in controversy is pled to be in excess of $100,000.

3. Plaintiff James Jefferson is pled to be a resident and citizen of the State of Alabama. Defendant Best Buy, pled as "a foreign corporation," is in fact a corporation incorporated in the State of Virginia with its principal place of business in Richfield, Minnesota. Defendant HSBC, also pled as "a foreign corporation," is in fact a national bank headquartered in the State of Nevada.[1] Thus, there is complete diversity of citizenship as between plaintiff and defendants.

4. Plaintiff's complaint demands $100,000 in damages on his common law claims and additional relief under the FCBA, thus insuring that the amount in controversy requirement for federal jurisdiction is met.

5. Because plaintiff is completely diverse from the defendants in this action and amount in controversy clearly exceeds $75,000 according to plaintiff's complaint, this case is properly removable pursuant to 28 U.S.C. §1332.

6. A copy of this Notice of Removal is being served on counsel for plaintiff, as set forth in the attached certificate of service, and is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama. The necessary filing fee has been paid with this Notice.

7. If any questions arise as to the propriety of the removal of this action, Best Buy and HSBC request an opportunity to undertake post-removal jurisdiction discovery, if appropriate. *See, e.g., Williams v. Best Buy, Inc.*, 269 F. 3d 1316 (11th Cir. 2001); *Sierminski*

---

[1] For purposes of federal diversity jurisdiction, a national bank is deemed a citizen of "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006).

*v. TransSouth Financial Corp.*, 216 F. 3d 945 (11th Cir. 2000).

WHEREFORE, premises considered, the defendants Best Buy and HSBC do hereby notice the removal of this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Dated this _19th_ day of February, 2008.

Respectfully submitted,

_____
MICHAEL M. SHIPPER (SHIPM7574)
KIRKLAND E. REID (REIDK9451)
Attorneys for Defendants Best Buy
and HSBC

## CERTIFICATE OF SERVICE

I hereby certify that I have served on this _19th_ day of February 2008, a copy of the foregoing document, via U.S. Mail, postage prepaid, to the following:

W. Whitney Seals
Pate & Cochrane
P.O. Box 10448
Birmingham, Alabama 35202-0448

Michael W. Lindsey
Weaver Tidmore, LLC
300 Cahaba Park Circle, Suite 200
Birmingham, Alabama 35242

_____
Michael M. Shipper

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**03-CV-200**<br>Date of Filing:<br>01/16/2008 | ELECTRONICALLY FILED<br>1/16/2008 2:38 PM<br>CV-2008-900060.00<br>CIRCUIT COURT OF<br>MONTGOMERY COUNTY, ALABAMA<br>MELISSA RITTENOUR, CLERK |

**GENERAL INFORMATION**

IN THE CIRCUIT OF MONTGOMERY COUNTY, ALABAMA
JAMES JEFFERSON v. BEST BUY COMPANY, INC. ET AL

**First Plaintiff:** ☐ Business ☑ Individual  **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other                                                 ☐ Government ☐ Other

PLAINTIFF'S EXHIBIT A

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawfyul Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ Yes ☑ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** LIN038       1/16/2008 2:37:18 PM       /s MICHAEL LINDSEY

**MEDIATION REQUESTED:** ☐ Yes ☑ No ☐ Undecided

Case 2:08-cv-00121-WKW-SRW   Document 1-2   Filed 02/20/2008   Page 2 of 15

ELECTRONICALLY FILED
1/22/2008 2:28 PM
CV-2008-900060.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JAMES JEFFERSON, | } |
| | } |
| PLAINTIFF, | } |
| V. | } |
| | } CIVIL ACTION NUMBER: |
| BEST BUY COMPANY, INC. AND | } |
| HSBC BANK NEVADA, N.A., | } |
| | } |
| DEFENDANTS. | |

## PLAINTIFF'S COMPLAINT

1. This is an action for actual damages, statutory damages, and attorney fees for violation of the Fair Credit Billing Act (part of the Truth in Lending Act), 15 U.S.C. § 1666 and Regulation Z issued thereunder. Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367. Venue is proper in that the Defendants transacted business here.

### PARTIES

3. The Plaintiff, James Jefferson ("Jefferson"), is a resident and citizen of the state of Alabama, and is over the age of twenty-one (21) years.

4. Defendant Best Buy Company, Inc. ("Best Buy") is a foreign corporation doing business in Montgomery County, Alabama.

5. Defendant HSBC Bank Nevada, NA. ("HSBC") is a foreign corporation doing business in Montgomery County, Alabama.

### FACTUAL ALLEGATIONS

6. Plaintiff entered into an open-end credit transaction, namely a Best Buy credit card account, with defendants for personal, family, and household purposes, said credit card was issued by Defendant HSBC.

7. At all times relevant hereto, defendants, in the ordinary course of business, regularly extended open-end consumer credit, pursuant to a Best Buy Credit Card ("Best Buy Card"), on which defendant assessed finance charges.

8. On September 26, 2006, Plaintiff purchased a computer and accessories ("first computer") at the Best Buy Store in Montgomery, Alabama and charged the purchase to his Best Buy Card. That purchase totaled $561.48.

9. Plaintiff returned the first computer to the Best Buy store on October 9, 2006 and exchanged it for a different computer and accessories ("second computer").

10. Plaintiff instructed Best Buy's employees or agents that he wished to pay for the second computer with his Wachovia Bank Mastercard and not his Best Buy Card, so the employee/agent charged the second computer to the Wachovia card.

11. In exchange for the first computer purchased by the plaintiff, Best Buy issued Plaintiff an Exchange Receipt showing a credit towards his Best Buy card balance for the cost of the first computer, however, Best Buy's employees or agents also charged Plaintiff's Best Buy Card for the price of the second computer.

12. As a result of these transactions, Plaintiff was charged twice by Best Buy for the second computer, once to his Wachovia Mastercard, and once to his Best Buy card.

13. Subsequent to these transactions, Plaintiff received a monthly statement from defendants dated October 13, 2006, showing the charge for the first computer, and the charge for the second computer, but failing to show the exchange credit for the cost of the first computer.

14. Within 60 days after receipt of the statement, plaintiff sent a notice disputing the charges to defendant at the address stated on the periodic statement.

15. Defendants failed to correct the error within two complete billing cycles after receipt of Plaintiff's notice, but instead sent Plaintiff a notice stating that the account charges were accurate.

16. In order to protect his credit rating, Plaintiff continued to pay monthly installments due on the Best Buy card even though he disputed the charges, until such a time as the account was paid in full.

17. Plaintiff disputed the charge on his Wachovia card with Wachovia, but also paid in full the Wachovia charges for the second computer, in order to protect his credit rating. In essence, Plaintiff was charged and paid for the second computer twice.

## COUNT ONE
## FAIR CREDIT BILLING ACT

18. The Plaintiff adopts the averments and allegations of paragraphs 1 through 15 hereinbefore as if fully set forth herein.

19. The Defendants have engaged in activities and practices in violation of the Fair Credit Billing Act (hereinafter referred to as "FCBA") with respect to the Plaintiff's alleged consumer debt.

20. The Defendants failed to correct a billing error within two complete billing cycles after receipt of Plaintiff's notice, in violation of 15 U.S.C. § 1666(a).

21. The Defendants failed to credit Plaintiff's account for the return and exchange of the first computer, in violation of 15 U.S.C. § 1666e.

22. As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer actual damages for the cost of the first computer, as well as worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## OUTRAGE

23. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

24. Plaintiff alleges that the Defendants' conduct as described herein was intentional and/or reckless, extreme and outrageous, and caused emotional distress such that no reasonable person could be expected to endure it.

25. Plaintiff alleges that as a direct and proximate result of the Defendants' outrageous conduct the Plaintiff has suffered damages as herein described below.

## COUNT THREE
## WANTONNESS

26. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

27. Plaintiff alleges that the Defendants, with reckless indifference to the consequences, either consciously and intentionally did committed the wrongful acts alleged herein or consciously omitted a known duty causing damage to the Plaintiff.

28. Plaintiff alleges that as a direct and proximate result of the Defendants' wantonness the Plaintiff has suffered damages as herein described below.

## COUNT FOUR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29.     Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

30.     Plaintiff alleges that the Defendants' actions alleged herein were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiff and/or were done in reckless disregard of the probability of causing Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

31.     Plaintiff alleges that as a direct and proximate result of the Defendants' wanton acts alleged herein, Plaintiff was caused to incur severe and grievous mental and emotional suffering, frustration, anguish, shock, nervousness, loss of sleep and anxiety.

## COUNT FIVE
## NEGLIGENCE

32.     Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

33.     Plaintiff alleges that the Defendants owed a duty of reasonable care to accurately charge Plaintiff for Plaintiff's purchase or, at least, after being told that Plaintiff had been "double billed," to conduct a reasonable investigation to determine whether or not they had correctly charged Plaintiff for his purchase.

34.     Despite owing this duty to the Plaintiff, Defendants negligently breached this duty in failing to act in a reasonably prudent manner given the circumstances.

35.     Plaintiff alleges that as a direct and proximate result of the Defendants' negligence, Plaintiff was caused to suffer damages.

## COUNT SIX
## NEGLIGENT TRAINING AND SUPERVISION

36.     Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

37.     The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

38.     The Defendants knew or should have known that said conduct was improper.

39.     The Defendants negligently failed to train and supervise their employees in order to prevent said improper conduct.

40. The Defendants negligently failed to train and supervise employees on credit card charges and exchanges procedures, as well as the FCBA as it relates to consumer billing practices.

41. As a result of the Defendants' negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT SEVEN
## RECKLESS AND WANTON TRAINING AND SUPERVISION

42. Plaintiff adopts and re-alleges all paragraphs contained in this Complaint as if set forth fully herein.

43. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

44. The Defendants knew or should have known that the said conduct was improper.

45. The Defendants recklessly and wantonly failed to train and supervise employees in order to prevent said improper conduct.

46. The Defendants recklessly and wantonly failed to train and supervise employees on credit card charges and exchanges procedures, as well as the FCBA as it relates to consumer billing practices.

47. As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the defendants as follows:

A.  Declaratory judgment that the Defendant's conduct violated the FCBA;

B.  Actual damages for Defendants' violations of the FCBA;

C.  Statutory damages in the amount of double the finance charge pursuant to 15 U.S.C. § 1640(a)(2);

    D.    Pursuant to 15 U.S.C. § 1666(e), a declaration that Defendant has forfeited any right to collect the first $50 of the disputed amount and any finance charges thereon from Plaintiff;

    E.    Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§ 1640(a)(3);

    F.    Compensatory and punitive damages against Defendants in the amount of $100,000.00 on Plaintiff's state law claims.

/s/ W. Whitney Seals  
W. Whitney Seals (SEA030)  
Attorney for Plaintiff

OF COUNSEL  
Pate & Cochran, LLP  
P.O. Box 10448  
Birmingham, AL 35202-0448  
(205) 323-3900  
fax: (205) 323-3906  
email: whitney@plc-law.com

/s/ Michael W. Lindsey  
Michael W. Lindsey (LIN038)  
Attorney for Plaintiff

OF COUNSEL:  
Weaver Tidmore, LLC  
300 Cahaba Park Circle, Ste 200  
Birmingham, Al 35242  
Phone: (205) 980-6065  
Email: mlindsey@weavertidmorelaw.com

**SERVE DEFENDANTS VIA CERTIFIED MAIL:**  
Best Buy Company, Inc.  
c/o The Corporation Company, Registered Agent  
2000 Interstate Park Dr., Ste 204  
Montgomery, Al 36109

HSBC Bank Nevada, N.A.  
1111 North Town Center Dr.  
Las Vegas, NV 89144

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>03-CV-2008-900060.00 |
|---|---|---|

### IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
### JAMES JEFFERSON v. BEST BUY COMPANY, INC. ET AL

**NOTICE TO** BEST BUY COMPANY, INC., 2000 INTERSTATE PARK DR STE 204, MONTGOMERY AL, 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL LINDSEY

WHOSE ADDRESS IS 300 Cahaba Park Circle, Suite 200, Birmingham AL, 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   JAMES JEFFERSON
pursuant to the Alabama Rules of the Civil Procedure

| 1/16/2008 2:38:17 PM | /s MELISSA RITTENOUR | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s MICHAEL LINDSEY
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____

_____    _____
Date               Server's Signature

| State of Alabama  Unified Judicial System  Form C-34 Rev 6/88 | **SUMMONS**  **- CIVIL -** | **Case Number:**  03-CV-2008-900060.00 |
|---|---|---|

## IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
## JAMES JEFFERSON v. BEST BUY COMPANY, INC. ET AL

**NOTICE TO**  HSBC BANK NEVADA, N.A., 1111 NORTH TOWN CENTER DR, LAS VEGAS NV, 89144

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL LINDSEY

WHOSE ADDRESS IS 300 Cahaba Park Circle, Suite 200, Birmingham AL, 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  JAMES JEFFERSON
pursuant to the Alabama Rules of the Civil Procedure

| 1/16/2008 2:38:17 PM | /s MELISSA RITTENOUR | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s MICHAEL LINDSEY
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____

Date    Server's Signature

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>x The Corporation Company  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name) The Corporation Company  C. Date of Delivery 1/22/08 |
| 1. Article Addressed to:<br><br>BEST BUY COMPANY, INC.<br>2000 INTERSTATE PARK DR<br>STE 204<br>MONTGOMERY, AL 36109 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>B+C d-1<br>CV-08-900060 |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☑ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)  ☑ Yes |
| 2. Article Number (Transfer from service label) | 7007 0220 0000 9462 2106 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

# AlaFile E-Notice

03-CV-2008-900060.00
Judge: CHARLES PRICE

To: LINDSEY MICHAEL WESLEY
mlindsey@weavertidmorelaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES JEFFERSON V. BEST BUY COMPANY, INC. ET AL
03-CV-2008-900060.00

The following matter was served on 1/22/2008

D001 BEST BUY COMPANY, INC.
CERTIFIED MAIL

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

signed for by Corp Co

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   HSBC BANK NEVADA, N.A.
   1111 NORTH TOWN CENTER DR
   LAS VEGAS, NV 89144

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _Sharon D Hicks_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)
   Sharon D Hicks

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

   S+C d-2
   08-900060

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

2. Article Number
   (Transfer from service label)
   7007 0220 0000 9462 2120

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**AlaFile E-Notice**

03-CV-2008-900060.00
Judge: CHARLES PRICE

To: LINDSEY MICHAEL WESLEY
mlindsey@weavertidmorelaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES JEFFERSON V. BEST BUY COMPANY, INC. ET AL
03-CV-2008-900060.00

The following matter was served on 1/28/2008

**D002 HSBC BANK NEVADA, N.A.**
**CERTIFIED MAIL**

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>03-CV-2008-900060.00 |
|---|---|---|

## IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
## JAMES JEFFERSON v. BEST BUY COMPANY, INC. ET AL

**NOTICE TO** BEST BUY COMPANY, INC., 2000 INTERSTATE PARK DR STE 204, MONTGOMERY AL, 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL LINDSEY

WHOSE ADDRESS IS 300 Cahaba Park Circle, Suite 200, Birmingham AL, 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of JAMES JEFFERSON pursuant to the Alabama Rules of the Civil Procedure

| 1/16/2008 2:38:17 PM | /s MELISSA RITTENOUR | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested

/s MICHAEL LINDSEY
Plaintiff's/Attorney's Sign

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Co_____ in _____

_____ _____
Date    Server's Signature

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ | |
| Certified Fee | | 01-16-08 |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006       See Reverse for Instructions

03-CV-2008-
JAMES JEFFERSON v. BEST B

| C001 - JAMES JEFFERSON | v. | D001 - BEST BUY COMPANY, INC. |
|---|---|---|
| Plaintiff | | Defendant |



03-CV-2008-900060.00 D001

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>03-CV-2008-900060.00 |
|---|---|---|

### IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
### JAMES JEFFERSON v. BEST BUY COMPANY, INC. ET AL

**NOTICE TO**  HSBC BANK NEVADA, N.A., 1111 NORTH TOWN CENTER DR, LAS VEGAS NV, 89144

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL LINDSEY

WHOSE ADDRESS IS 300 Cahaba Park Circle, Suite 200, Birmingham AL, 35242

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   JAMES JEFFERSON
pursuant to the Alabama Rules of the Civil Procedure

1/16/2008 2:38:17 PM   /s MELISSA RITTENOUR
Date                   Clerk/Register                                             By

☑ Certified mail is hereby requested    /s MICHAEL LINDSEY
                                        Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and _____ in _____

_____ _____
Date       Server's Signature

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee                         01-16-08
Return Receipt Fee                    Postmark
(Endorsement Required)                Here
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees   $

Sent To
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006        See Reverse for Instructions

03-CV-2008
JAMES JEFFERSON v. BEST

C001 - JAMES JEFFERSON                    v.    D002 - HSBC BANK NEVADA, N.A.
        **Plaintiff**                                    **Defendant**


03-CV-2008-900060.00 D002

**SERVICE RETURN COPY**

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003965
Cashier ID: cstrecke
Transaction Date: 02/20/2008
Payer Name: MILLER HAMILTON SNIDER ET AL
-----------------------------------
CIVIL FILING FEE
 For: MILLER HAMILTON SNIDER ET AL
 Case/Party: D-ALM-2-08-CV-000121-001
 Amount:        $350.00
-----------------------------------
CHECK
 Remitter: MILLER HAMILTON
 Check/Money Order Num: 88969
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

DALM208CV000121-W

JEFFERSON V BEST BUY
```