IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES JEFFERSON ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | Case No. 2:08-cv-121-WKW |
| ) | |
| HSBC BANK NEVADA, N.A., ) | |
| and BEST BUY CO., INC. ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS, OR, IN THE ALTERNATIVE, TO DISMISS

Plaintiff James Jefferson hereby responds and requests this court to deny Defendants Motion to Compel Arbitration and to Stay Proceedings, or, in the Alternative, to Dismiss Plaintiff's action. In support thereof, Plaintiff submits his affidavit, attached hereto as Exhibit "A," and further states as follows:

I. **Defendants' Motion should be denied because no arbitration agreement exists between Plaintiff and the Defendants.**

Defendant's motion must be denied because the parties have never assented to an arbitration agreement. An arbitration is a contract, and a party cannot be compelled to arbitrate when he has not agreed to do so. *Brown v. ITT Consumer Finance Corp.*, 211 F. 3d 1217 (11th Cir. 2000). See also *AT&T Technologies v. Communication Workers of America*, 475 U.S. 643 (1986). Thus, proof of a valid agreement to arbitrate is a necessary first step in a motion to compel arbitration, 9. U.S.C. § 2, and failure of such proof requires denial of the motion for lack of an "agreement." *Id.*

    A.    <u>The arbitration agreement was not provided to Plaintiff prior to the purchase at issue, therefore there was no sufficient notice of an "offer" to enter into an arbitration contract.</u>

Plaintiff purchased the item made subject of this action on September 26, 2006 (Exhibit A ¶ 1). On that same day, immediately prior to that transaction, he had applied and was approved for the BestBuy/HSBC credit card account that he used to make the purchase (Exhibit A ¶ 2). Best Buy charged the purchase to the new account prior to the Plaintiff receiving the actual credit card or the Cardmember Agreement that contained the alleged arbitration agreement (Exhibit A ¶ 3).

    B.    <u>The "acceptance" of the arbitration contract, that occurred according to the Defendants, happened before the "offer" of the contract was made.</u>

The Best Buy/HSBC credit card application (attached as Exhibit B to Defendants' Motion), states:

> "By completing and signing this application, you request a Card issued to you by us which will allow you to make purchase under this Account. By a) signing, using or permitting others to use this Card, . . . you agree to the Terms and Conditions of the Cardholder Agreement and Disclosure Statement (which includes an arbitration provision) **which shall be sent to you with the credit card**." (Emphasis added).

Defendants maintain that by using the Card/Account, Plaintiff accepted the terms and conditions that included the arbitration agreement referenced by the Defendants in paragraph 2 of their Motion. However, Plaintiff never had an opportunity to review the terms of the arbitration agreement prior to using the card/account. Therefore, Plaintiff could not have assented to the agreement when he made the purchase because the arbitration agreement had not yet been presented (offered) to him. It stands to reason that by the terms of the application itself, the enforceability of the arbitration agreement could only be triggered after Plaintiff had an

opportunity to review the agreement and provide his assent by using the card subsequent to receiving and having an opportunity to review the agreement.

Thus, simple contract principles dictate that no assent to an arbitration agreement could have occurred in this matter, and Defendants' Motion should therefore be denied.

Respectfully submitted,

Michael W. Lindsey
W. Whitney Seals
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served electronically on the following on this the _1st_ day of _April_, 2008:

Michael W. Shipper
Kirkland E. Reid
Miller, Hamilton, Snider & Odom, LLC
PO Box 46
Mobile, Al 36601

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES JEFFERSON | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Case No. 2:08-cv-121-WKW |
| | ) |
| HSBC BANK NEVADA, N.A., | ) |
| and BEST BUY CO., INC. | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

My name is James Jefferson, Plaintiff in the above-styled cause. I am over the age of nineteen years, and have personal knowledge of the facts set forth in this affidavit.

1. On September 26, 2006, I purchased a computer at the Best Buy store in Montgomery, Alabama.

2. I charged the aforementioned purchase to a Best Buy credit card account, which I had applied for and was approved on that same day, immediately prior to the transaction.

3. At the time of the purchase, I had not yet received an actual card, or seen a cardmember agreement.

Further the affiant sayeth not.

JAMES JEFFERSON

_____
*[signature: James Jefferson]*

Subscribed and sworn to before me on this __1__ day of __April__, 2008, by said Affiant.

_____
NOTARY PUBLIC
My Commission Expires: 12-6-09

EXH A