IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:08-cv-121-WKW |
| ) | |
| HSBC BANK, NEVADA, N.A., ) | |
| and BEST BUY CO., INC. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION**

### I. Introduction

In their motion to compel arbitration, the defendants established the existence of an arbitration agreement applicable to the parties to this dispute. In response, plaintiff does not challenge this showing, but argues instead that he is not bound to arbitrate because he did not review the actual arbitration agreement before charging a computer on the defendants' credit account. This argument fails in view of the strong federal policy favoring arbitration, and defendants' motion to compel arbitration should be granted. *Moses H. Cane Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983) ("[The FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements . . .").

### II. Argument

In his response brief, plaintiff says that on the day he purchased his Best Buy computer, he signed the defendants' credit card application that provides, "by . . . using . .

. this card, . . . you agree to the Terms and Conditions of the Cardholder Agreement and Disclosure Statement (which includes an arbitration provision) which shall be sent to you with your credit card." (Plaintiff's response, ¶B; credit card application, Exhibit "B" to motion to compel). Plaintiff acknowledges that he did in fact purchase a computer charged to defendants' account prior to receiving the Cardholder terms, and did, in fact, subsequently receive the Cardholder terms. (Plaintiff's response, ¶B; Plaintiff's affidavit, ¶3). Plaintiff complains that he received inappropriate monthly statements detailing charges to his Best Buy/HSBC account for this computer, but continued to pay such monthly charges until the account was paid in full. (Complaint at 11; 13; 16). Plaintiff argues that he did not "assent" to the arbitration provision because, "plaintiff never had an opportunity to review the Terms and Conditions of the Arbitration Agreement prior to using the card/account." (Plaintiff's response, ¶B).

Plaintiff's argument is not persuasive, since plaintiff was given actual notice that, by applying for and using his Best Buy/HSBC credit card (which he did), he was agreeing to terms and conditions to be sent to him (which were in fact furnished to plaintiff) and which would contain an arbitration provision. After applying for credit, plaintiff charged a computer to defendants' account before receiving his Cardholder terms, and made monthly payments thereafter until the account was paid in full. Plaintiff was not forced to purchase his computer prior to receiving his Cardholder terms, nor does he even advance this argument. Plaintiff chose to purchase the computer prior to receiving the terms, and now complains only of the arbitration provision contained therein, while accepting all other terms contained in the Cardholder Agreement. But arbitration provisions cannot be so singled out. *Doctor's Assocs., Inc..v. Casarotto,* 517 U.S. 681 (1996).

Indeed, plaintiff does not argue he had no contract with defendants and has not sought to repudiate the transaction based on the Cardholder terms. He simply argues he should not be bound by the arbitration provision contained in the very agreement on which he bases his complaint. *See Nobles v. Rural Cmty Ins. Servs.,* 122 F. Supp. 2d 1290, 1300 (M.D. Ala. 2000) ("Courts cannot single out arbitration clauses for discriminatory treatment.").

This same argument was considered and rejected by the United States District Court for the Eastern District of Louisiana in *Vigil v. Sears National Bank*, 205 F. Supp. 566 (E.D. LA. 2002). There, as here, plaintiff argued that he did not enter into a written agreement to arbitrate with the defendants because he did not receive the arbitration agreement when he applied for defendants' credit card. The defendants, however, produced documentation showing that the plaintiff signed a credit card application which provided,

> "[I]f approved, you agree to the terms disclosed below which apply to your account and terms of the Sears Card Account, or Sears Card Starter Account, Cardholder Account and Security Agreement which will be provided to you with your credit card[s]."

As here, the defendants in *Vigil* submitted an affidavit showing that the actual terms and conditions containing an arbitration provision were furnished to plaintiff. Based on these facts, that Court rejected plaintiff's argument that he did not enter into a written agreement to arbitrate his claims against the defendants. *Vigil,* 205 F. Supp. at 568. The case for rejecting plaintiff's argument in the instant case is even stronger, as plaintiff Jefferson's application specifically notified him that his terms and conditions would contain an arbitration provision, and that the terms would be applicable to his purchase. *See Lawrence v. Household Bank*, 343 F. Supp. 2d 1101, 1111 (M.D. Ala. 2004) (credit card usage signals assent to terms of cardmember agreement).

This Bench has rejected similar attempts to avoid arbitration agreements. Thus, in *Battles v. Sears National Bank*, 356 F. Supp. 2d 1205 (M.D. Ala. 2005), (Fuller, C.J.), this Court rejected plaintiffs' argument that he were not bound by an arbitration provision subsequently delivered to them after they opened a credit card account with the defendant. There, unlike in the instant case, plaintiffs argued that there was no proof that they actually received the terms and conditions containing the arbitration agreement, but this Court was unpersuaded:

> Moreover, in their own affidavits, neither Battles nor Billups actually denied that they received the agreements. They merely state that when they applied for their cards, no one mentioned anything to them about arbitration or gave them "any written materials which called [their] attention to arbitration," and they state that "when [they] received [their] credit card from [defendant], nothing in anything [they] received with the card, or on the card itself, or on the envelope it came in, called [their] attention to any waiver of legal rights or remedies for the arbitration of disputes." . . . Plaintiff's bare assertions are insufficient to create a question of material fact on the issue of whether they assented to the arbitration provisions in the agreements, and this court . . . finds no ground to deny defendant's motion on this basis.

*Battles,* 356 F. Supp. 2d at 1213 -1214.

In reaching its conclusion, this Court in *Battles* followed the rationale in *Lawrence v. Household Bank, supra* (Thompson, J.), where this Court rejected an identical argument. *See also Taylor v. Citibank U.S.A., N.A.*, 292 F. Supp. 2d 1333, 1337 (M.D. Ala. 2003) (Albritton, J.) (plaintiff argued that arbitration agreement was on the fourth page of a notice of change of terms); *Billups v. Bank First*, 294 F. Supp. 2d 1265, 1269 (M.D. Ala. 2003) (plaintiff argued that no one from the defendant's bank called her attention to arbitration provision in credit card agreement); *Taylor v. First North A.M. Nat'l Bank*, 325 F. Supp. 2d 1304, 1309 -1310 (M.D. Ala. 2004) (arbitration agreements are enforceable as any other term in contract).

III . Conclusion

The defendants respectfully submit that their motion to compel arbitration is due to be granted. The defendants request such other, further and different relief as justice may require.

Respectfully submitted,

s/Michael M. Shipper
MICHAEL M. SHIPPER (SHIPM7574)
KIRKLAND E. REID (REIDK9451)
Attorneys for Defendants Best Buy
and HSBC

OF COUNSEL:

Miller, Hamilton, Snider & Odom, L.L.C.
Post Office Box 46
Mobile, Alabama 36601
(251) 439-7530

## **CERTIFICATE OF SERVICE**

      This certifies that a true and accurate copy of the foregoing document has been served electronically upon the following on this 15th day of April 2008:

W. Whitney Seals
Pate & Cochrane
P.O. Box 10448
Birmingham, Alabama 35202-0448

Michael W. Lindsey
Weaver Tidmore, LLC
300 Cahaba Park Circle, Suite 200
Birmingham, Alabama 35242

                                    s/Michael M. Shipper
                                    Michael M. Shipper