IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES JEFFERSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:08-cv-121-WKW |
| ) | |
| HSBC BANK, NEVADA, N.A. ) | |
| AND BEST BUY CO., INC. ) | |
|    Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Jefferson ("Plaintiff") brought this suit against Defendants HSBC Bank Nevada, N.A. ("HSBC"), and Best Buy Co., Inc. ("Best Buy") (collectively, "Defendants"), in the Circuit Court of Montgomery County, Alabama. Defendants timely removed. Plaintiff alleges violations of the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et. seq.*, and state law tort claims as a result of being overcharged for a computer he purchased from Best Buy using a credit card account with HSBC. The account agreement contains an arbitration clause. This case is before the court on Defendants' Motion to Compel Arbitration and to Stay Proceedings, or, in the Alternative, to Dismiss (Doc. # 7). For the reasons given below, the motion is due to be GRANTED.

**I. STANDARD OF REVIEW**

Pursuant to the Federal Arbitration Act ("FAA"), a written arbitration "provision in any . . . contract evidencing a transaction involving commerce . . . [is] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any

contract." 9 U.S.C. § 2. The FAA establishes "'a federal policy favoring arbitration.'" *Battels v. Sears Nat'l Bank*, 365 F. Supp. 2d 1205, 1211 (M.D. Ala. 2005) (quoting *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). Despite this pro-arbitration policy, arbitration is nonetheless a matter of contract, and a party cannot be forced to submit to arbitration any claim he has not agreed to arbitrate. *Id. (*citing *United Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582 (1960)).

Plaintiff does not dispute the applicability of the FAA to this matter,[1] but instead he claims that "the parties have never assented to an arbitration agreement." (Pl.'s Resp. 1.) The question of whether the parties have a valid arbitration provision at all is a "gateway issue" that must be decided by the court. *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F. 2d 851, 854 (11th Cir. 1992). To resolve that issue, the court applies state common law governing the formation of contracts. *Battels*, 365 F. Supp. 2d at 1212.

## II. FACTS

According to his affidavit, on September 26, 2006, Plaintiff applied for a credit card account from HSBC, and then immediately used it to purchase a computer from Best Buy. (Compl. ¶ 8; Jefferson Aff. ¶¶ 1-2.) On October 9, Plaintiff returned the computer to Best Buy and used another credit card, not at issue here, to purchase a second computer.

---

[1] Plaintiff alleges that Defendants are foreign corporations that entered into a credit agreement with an Alabama resident. (Compl. ¶¶ 3-7.) Defendants submitted evidence that HSBC is a national bank headquartered in Nevada, who conducts business across Alabama state lines via telephone, mail, and e-mail. (Wheat Aff. ¶ 4.) The court therefore finds, and the Plaintiff does not dispute, that the credit transactions at issue involve interstate commerce.

(Compl. ¶¶ 9-10.) Plaintiff alleges that, although his account with HSBC should have been credited for the price of the original computer that he returned to Best Buy, the account was instead charged a second time. (Compl. ¶¶ 11, 13.)

The signed credit application, attached to Defendants' motion and quoted in Plaintiff's response, provides that by "using . . . [the credit] Card . . . you agree to the terms and conditions of the Cardholder Agreement and Disclosure Statement, (which includes an arbitration provision) which shall be sent to you with the credit card." (Defs.' Ex. B, at 3.) Plaintiff does not deny that he subsequently received the Cardholder Agreement and Disclosure Statement ("the Agreement"), or that the Agreement contains an arbitration provision. Instead, Plaintiff argues that he is not subject to the provision because he did not receive a copy of the Agreement until after he used the credit account to purchase the original computer. (Pl.'s Resp. 2.)

### III. DISCUSSION

**A.**   *Plaintiff Agreed to Arbitration*

Plaintiff is wrong. In contracts, as in life, we must look before we leap. This court, like other courts, consistently holds that use of a credit card indicates a user's assent to be bound by the terms of the cardmember agreement. *See Battels*, 365 F. Supp. 2d at 1214; *Taylor v. First North Am. Nat'l Bank*, 325 F. Supp. 2d at 1304, 1312-13 (M.D. Ala. 2004); *Lawrence v. Household Bank (SB), N.A.*, 343 F. Supp. 2d 1101, 1111 (M.D. Ala. 2004). Moreover, Alabama law governing the formation of contracts provides that a contract may

incorporate the terms of another document by reference, including terms that require arbitration. *See Nobles v. Rural Cmty. Ins. Servs.*, 122 F. Supp. 2d 1290, 1299 (M.D. Ala. 2000); *McDougle v. Silvernell,* 738 So. 2d 806, 808 (Ala. 1999).

*McDougle* provides the relevant analysis. There, the plaintiffs were issued a "commitment for insurance" as part of a real estate closing. *McDougle*, 738 So. 2d at 806-07. The commitment limited the insurers' liability in accordance with provisions and conditions in a forthcoming insurance policy that were "incorporated by reference and . . . made part of this [c]ommitment" even though the insurance policy was not provided to the plaintiffs at the time the commitment was executed. *Id.* at 807. The Alabama Supreme Court found that the plaintiffs were subject to an arbitration provision contained in the insurance policy, reasoning that the commitment had put the plaintiffs on notice that the policy would be subject to the terms and conditions it contained. *Id.* at 808-09. The court explained: "[W]here contracts contain . . . references . . . to other documents, the same enter therein to the extent that they are pertinent, and the parties are bound thereby. And he who omits to inform himself as to such . . . contents and extent of such other writing referred to, in so far as it is reasonable and in contemplation of the parties to the contract, is bound thereby." *Id.* at 808 (internal quotation marks and citations omitted); *see also Nobles*, 122 F. Supp. 2d at 1299 (finding plaintiffs subject to arbitration provisions in federal regulations when regulations were not written into re-insurance policies but were incorporated by reference).

Alabama law thus dictates that Plaintiff is subject to the arbitration provision. Plaintiff signed the credit application and elected to use the credit account. In so doing, he explicitly agreed to be bound to the terms contained in the Agreement, regardless of whether the Agreement was provided to him before he chose to use the credit account. *Battels*, 365 F. Supp. 2d at 1214-15; *McDougle*, 738 So. 2d at 809. Moreover, the application signed by Plaintiff informed him that the Agreement included an arbitration provision. (Defs.' Ex. B.) Accordingly, Plaintiff received even more notice than the plaintiffs in *McDougle*, who were subject to an arbitration provision by virtue of agreeing to terms that were completely unspecified. *See McDougle,* 738 So. 2d at 809.

**B.**    ***The Arbitration Clause Encompasses Plaintiff's Claims Against Both Defendants***

Unlike HSBC, Best Buy is not party to the credit account. Nonetheless, a non-signatory may enforce an arbitration provision for "claims that are so intimately founded in and intertwined with the claims made by the party resisting arbitration against a party that is a signatory to the contract." *Redmon v. Soc'y & Corp. of Lloyds,* 434 F. Supp. 2d 1211, 1224 (M.D. Ala. 2006) (internal quotation marks and citations omitted). To determine if Best Buy can enforce this arbitration provision against Plaintiff, the court must determine if the scope of the arbitration provision encompasses the type of claims that Plaintiff asserts and analyze the relationship between the claims and the arbitration provision. *See id.*

Here, Defendants correctly note, and Plaintiff does not dispute, that the arbitration provision in the Agreement is extremely broad. It provides, in relevant part:

> Any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future) . . . **arising from or relating to this Agreement or the relationships which result from this Agreement** . . . shall be resolved . . . by binding arbitration pursuant to this arbitration provision.

(Defs.' Ex. B, at 8 (emphasis added).)

Such a broad provision, encompassing "any" dispute, is typical of those in other cases where non-signatories have been allowed to enforce arbitration. *See, e.g., Redmon,* 434 F. Supp. 2d at 1224 (finding non-signatory could invoke provision that covered "any dispute" which arose); *see also Ex parte Napier*, 723 So. 2d 49, 51 (Ala. 1998) (finding non-signatory could invoke provision that covered "all disputes . . . arising from or relating to . . . the relationships" resulting from a contract).

In addition, Plaintiff's Complaint alleges the same causes of action against both Defendants – violation of the Fair Credit Billing Act and the torts of outrage, wantonness, intentional infliction of emotional distress, negligence, negligent training and supervision, and reckless and wanton training and supervision. These claims all arise from interdependent facts and the relationship between the Defendants: Plaintiff claims that HSBC required him to pay for the computer he returned to Best Buy after Best Buy's employees charged his HBSC account instead of crediting that account for a refund. (Compl. ¶¶ 11, 13.) Accordingly, the court finds that Plaintiff's claims against defendant Best Buy are sufficiently intertwined with the claims made against HSBC to allow Best Buy to invoke the arbitration provision.

## V. CONCLUSION

For the reasons set forth above, it is ORDERED that Defendants' Motion to Compel Arbitration and to Stay Proceedings (Doc. # 7) is due to be GRANTED. Pursuant to 9 U.S.C. §§ 3- 4, Plaintiff is hereby ORDERED to submit this dispute to arbitration in the manner provided for in the arbitration clause. This action will be STAYED pending arbitration. Defendants' Motion to Dismiss (Doc. # 7) is DENIED as moot. Plaintiff shall file a jointly prepared report regarding the status of arbitration proceedings **on or before September 23, 2008**, and every ninety (90) days thereafter, until this matter is resolved.

DONE this 23rd day of June, 2008.

/s/  W. Keith Watkins
UNITED STATES DISTRICT JUDGE