IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:08-CV-121-WKW [WO] |
| | ) |
| BEST BUY COMPANY, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The Magistrate Judge entered an Order and Recommendation (Doc. # 43) recommending granting Defendant Best Buy Company's motion to enforce a settlement agreement (Doc. # 19) as to the claims originally made by Plaintiff James Jefferson, but permitting Mr. Jefferson to file an amended complaint (Doc. # 42) adding a claim for fraud against Best Buy. Best Buy filed an objection (Doc. # 44) to the order allowing the amended complaint. Mr. Jefferson has not objected to the recommendation that the motion to enforce a settlement agreement be granted. Pursuant to an order entered by the Magistrate Judge, however, Mr. Jefferson has filed a Notice stating that, as relevant to the fraud claim, he seeks $125,000 in damages and injunctive relief.[1]

---

[1] This assertion of a damages amount in excess of $75,000 leads the court to conclude that diversity jurisdiction exists, pursuant to 28 U.S.C. § 1332. The court cannot say to a legal certainty that Mr. Jefferson could not recover the amount he seeks. *See Deen v. Egleston*, 597 F.3d 1223, 1228 (11th Cir. 2010). While the case was removed from state court on the basis of federal question jurisdiction, as the complaint contained a claim brought under the federal Truth in Lending Act, it was also alleged and undisputed that there was complete diversity of citizenship between the parties. Now, the amount in controversy requirement has been met with respect to the new fraud claim. While the court would still

## I.  STANDARD OF REVIEW

While the issues of the settlement agreement and the amended complaint are entangled, they are technically before the court in different procedural postures.  The Magistrate Judge's recommendation that the settlement agreement be enforced is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), which permits dispositive motions to be referred to a Magistrate Judge for recommendation to the district judge.  In the context of this case, the court construes the motion to enforce the settlement agreement as a motion "to involuntarily dismiss an action," one of the "excepted motions" referred to in subsection 636(b)(1)(A).  To the extent that such recommendations are objected to, the district judge must conduct a *de novo* review of the challenged conclusions and findings. § 636(b)(1).  If a recommendation is not objected to, no statutory standard of review is specified, but the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  By contrast, the order permitting amendment of the complaint is before the court pursuant to subsection 636(b)(1)(A), which permits "a magistrate judge to hear and determine any pretrial matter."  Such pretrial orders may be reconsidered by the district judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  § 636(b)(1)(A).

---

have had supplemental jurisdiction over state-law claims because of the federal claim, it would have been able, in its discretion, to dismiss the state-law claim without prejudice once the federal claim was disposed off by the settlement agreement.  28 U.S.C. § 1367(a) and (c).  But to the extent that diversity jurisdiction independently exists, the court is bound to exercise it, and therefore turns to the merits of the pending motions.

## II. DISCUSSION

Here, there is no objection to the Recommendation that the settlement agreement, which was concluded by e-mail between Mr. Jefferson's prior counsel and counsel for Best Buy, be enforced. Having conducted an independent review of the record, the court determines that the Recommendation is due to be adopted, and judgment entered in favor of Mr. Jefferson in the amount of $2750. The court further concludes that the Order granting leave to amend was contrary to the relevant law, and that Order is due to be overruled. This will result in termination of the case.

Best Buy's objection to the granting of the motion to amend has, in a sense, two distinct aspects. First, there is the question whether it was proper to grant the motion to amend in its own right. Second, even if it was, Best Buy argues that the new claim asserted by Mr. Jefferson falls under the umbrella of the settlement agreement, and thus, even if the amendment is initially allowed, the claim is due to be dismissed as barred by the agreement Because the first basis is dispositive, the second need not be discussed.

Motions to amend complaints are governed by Federal Rule of Civil Procedure 15. After being served with a responsive pleading, a party may amend a complaint only with leave of the court or written consent of the opposing party, although the court should freely give leave to amend in the interest of justice. Fed. R. Civ. P. 15(a). While leave to amend should be given freely, the court has discretion to limit amendments to complaints. *See, e.g., Bel-Bel Int'l Corp. v. Comm. Bank of Homestead*, 162 F.3d 1101, 1110 (11th Cir. 1998)

(holding that it was not an abuse of discretion to deny leave to amend after a delay of "several years"); *Technical Res. Serv., Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1462 (11th Cir. 1998) (upholding a refusal to allow leave to amend after less than two years, and setting out relevant factors); *Smith v. Duff & Phelps, Inc.*, 5 F.3d 488, 493 (11th Cir. 1993) (holding that, while "mere passage of time" is insufficient to bar an amendment, "undue delay" is). In evaluating a delay, "undue prejudice" to the opposing party may be considered. *Technical Res. Serv.*, 134 F.3d at 1463 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The original complaint was filed in Montgomery County Circuit Court on January 16, 2008, nearly two years before Mr. Jefferson filed the motion to amend the complaint on January 14, 2010. The events underlying it took place in September and October 2006. Much of the Magistrate Judge's conclusion that the amendment should be allowed appears to rest on the allegation that Mr. Jefferson did not discover the purported fraud until December 7, 2009. But the "inadvertent discover[y]" Mr. Jefferson alleges was of information on serial numbers printed on the bottom and back of a computer he had possessed, as alleged in the original complaint, for over three years. In the intervening period, Mr. Jefferson had retained counsel, filed a complaint in state court, had the case removed to federal court by Best Buy, litigated a motion to compel arbitration (Docs. # 7, 9, 10, 11), engaged in arbitration proceedings for over a year (Docs. # 15, 17, 19), entered into (through counsel) a "full, final settlement" with Best Buy, fired his counsel, and disputed the settlement agreement while appearing *pro se*. (Docs. # 23, 25.) It was not until the same day

as the Magistrate Judge held a hearing on the motion to enforce the settlement agreement that Mr. Jefferson sought to amend his complaint to include a "fraud" claim. Three years and three months had elapsed since Mr. Jefferson took possession of the computer, and it was two days short of two years since the original complaint had been filed in state court.

In light of the foregoing, as well as the underlying context of the case, the court concludes that permitting the amendment was contrary to the governing law, because Mr. Jefferson unduly delayed in seeking it and because permitting it unduly prejudiced Best Buy. The court cannot agree with the Magistrate Judge that it is especially relevant that Mr. Jefferson did not personally discover the alleged serial number discrepancy until December 2009. There is no dispute that the computer had been in his sole possession for over thee years at that point. If the analogy intended is to the "discovery rule" applicable to fraud claims, the court notes that while Alabama law does contain a "savings clause" tolling the two-year statute of limitations for fraud, the savings clause applies only until "the aggrieved party discovers or, in the exercise of reasonable care, should have discovered, the facts constituting the fraud." *Brooks v. Franklin Primary Health Ctr., Inc.*, No. 2081039, 2010 WL 876711, at * 5 (Ala. Civ. App. March 12, 2010) (citing Ala. Code § 6-2-3). Here, all the information underlying the fraud claim was in Mr. Jefferson's possession for more than three years.[2]

---

[2] In his initial motion to amend, Mr. Jefferson alludes to information obtained "as a result of his filing a Complaint with the U.S. Marshall [sic] and F.B.I" that he was sold a machine "with fraudulent serial numbers." No mention is made of a particular date of discovery. (Doc. # 36.) Later, in response to a court order, he stated that the new claim is "based upon Plaintiff's research" and gave the date of his

Allowing the amendment also works substantial undue prejudice to Best Buy, given that the request to amend came only after the parties had already agreed to a "full, final settlement"; a settlement Mr. Jefferson does not now dispute should be enforced. The court need not decide whether, for *res judicata* purposes, the fraud claim would be precluded by the settlement agreement or the dismissal of the original lawsuit. Still, it is reasonable for Best Buy to have made its settlement offer in reliance on Mr. Jefferson having brought all the claims he knew of, or should have known of, relating to the fall 2006 computer transactions. Permitting a new claim at this juncture would fundamentally undermine the incentives and assumptions behind the settlement agreement.

The motion to amend being denied, Mr. Jefferson may choose to bring his fraud claim in another case; it will be for that court to determine whether the settlement agreement or *res judicata* substantively bar the fraud claim. At present, the court determines only that it was inappropriate to grant leave to amend the complaint, because Mr. Jefferson unduly delayed the amendment, and allowing it would be unduly prejudicial to Best Buy. Thus, the court makes no substantive evaluation of the merits of the fraud claim.

## IV.  CONCLUSION

Accordingly, it is ORDERED as follows:

(1)  The Recommendation (Doc. # 43) is ADOPTED with respect to enforcement of the settlement agreement;

---

discovery as December 7, 2009, at approximately 9 p.m.  (Doc. # 42.)  No mention of the F.B.I. or U.S. Marshal's Service is made in this document.

(2) The motion to enforce the settlement agreement (Doc. # 19) is GRANTED;

(3) The Order (Doc. # 43) granting leave to amend the complaint is VACATED;

(4) The motion to amend the complaint (Doc. # 36) is DENIED; and,

(5) Judgment will be separately ENTERED in favor of Mr. Jefferson and against Best Buy Company, Inc., and HSBC Bank Nevada, N.A., in the amount of $2750.00, in full satisfaction of the claims brought in the original state-court complaint.

DONE this 15th day of April, 2010.

                                                /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE